Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ROXANNE SIFONTES SMITH

Recurrida

v.

MICHAEL MASER

Peticionario | KLCE202400925 | *Certiorari*
Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN

Caso Núm.:
SJ2024CV05157

Sobre:
Desahucio |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de septiembre de 2024.

El 26 de agosto de 2024, el Sr. Michael Maser (en adelante, el peticionario), sometió ante la consideración de este Tribunal de Apelaciones una *Petición de certiorari* en la que nos solicitó la revocación de varias determinaciones interlocutorias dictadas en la causa de epígrafe por el Tribunal de Primer Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario). Por virtud de estas, el TPI autorizó a Roxanne Sifontes Smith (en adelante, la recurrida) a acceder, con su personal de limpieza y mantenimiento, la propiedad que arrienda al peticionario. También, le ordenó a la representación legal de ambas partes a comunicarse con relación al mantenimiento y limpieza de la propiedad y denegó la reconsideración que este sometiera sobre el asunto.

Examinado el legajo apelativo, por virtud del derecho aplicable que a continuación consignamos, **denegamos** expedir el auto de *certiorari* solicitado.

-I-

El 6 de junio del año en curso, la recurrida sometió *Demanda* de Desahucio contra el peticionario. Según allí alegó, el 27 de febrero de 2024,

Número Identificador

RES2024 _____

las partes suscribieron un contrato de arrendamiento de la propiedad ubicada en el número 550 de la Calle Waymouth, San Juan, Puerto Rico. El término del contrato era un año y el canon mensual acordado era $9,000.00. La recurrida manifestó que, al visitar la propiedad con el fin de realizar ciertas reparaciones conforme al contrato, encontró que la misma se encontraba sucia, insalubre y en condiciones de deterioro. Específicamente se indicó que al entrar en la propiedad se encontró "excremento y orín de perro por todos lados, incluyendo en el área de los muebles, marcos de madera, pisos, alfombras y otras áreas de la Propiedad de la demandante" y que "la señora encargada de la limpieza de la Propiedad, le informó a la demandante que los perros se hacían sus necesidades en las camas y en todas las esquinas de los muebles de madera en la Propiedad." Igualmente, sostuvo que el peticionario impidió la entrada de personal de limpieza y mantenimiento, a pesar de que tales servicios son parte del contrato.

La recurrida estableció que, conforme a las propias disposiciones del acuerdo, y debido al incumplimiento del peticionario con el mismo, le notificó a este último la rescisión del contrato y se le concedió un término para que desalojara la propiedad, cosa que se ha negado a hacer. Por esto y otras razones, se solicitó al TPI que declarara Con Lugar la *Demanda*, decretara sumariamente el desahucio del peticionario y ordenara su lanzamiento, así como el de cualquier persona que por sí o en nombre de él ocupara la propiedad, más $5,000.00 en concepto de honorarios de abogado por temeridad.

El 7 de julio de este año, la recurrida acudió al foro primario mediante *Moción en Solicitud de Remedio Interlocutorio*. Allí, informó que las distintas gestiones hasta ese momento efectuadas para lograr emplazar al peticionario habían sido infructuosas, quien- por las razones allí dadas- se entendía se encontraba fuera de la jurisdicción de Puerto Rico. Además, tras repasar las alegaciones específicas en la demanda en cuanto a la condición

de la propiedad y ciertas cláusulas del acuerdo de arrendamiento, afirmó que la ausencia del demandado operaba diariamente contra el interés de la recurrida en preservar su propiedad. Por tal razón, solicitó autorización para que ella y su personal de limpieza y mantenimiento accedan a la propiedad "por un periodo no menor de 24 horas para realizar de inmediato la limpieza de los interiores que el peticionario no había realizado, así como el mantenimiento del área de piscina y jardines que impidió se realizaran.

El 15 de julio de 2024, se celebró una audiencia. Conforme la *Minuta* levantada, a preguntas del Tribunal la recurrida explicó la situación del deterioro de la propiedad rentada por falta de mantenimiento. Su representación legal, por su parte, hizo referencia la cláusula número 5 del contrato de arrendamiento y, ante la situación que representaba la falta de mantenimiento de la propiedad, reiteró en favor de su clienta el remedio provisional ya solicitado. Varios días después, el foro primario dictó *Resolución y Orden de Remedio Provisional* en la que emitió la siguiente orden:

1. Se autoriza a la demandante y a su personal de limpieza y mantenimiento acceder a la propiedad arrendada ubicada en el número **550, de la Calle Waymouth, San Juan (Miramar), Puerto Rico, 00907**, durante un período de veinticuatro (24) horas, para realizar de inmediato la limpieza de los interiores, el mantenimiento requerido al área de piscina y el riego y rehabilitación de los jardines.

2. La demandante podrá **acceder a la propiedad en el horario de 9:00am a 5:00pm, en no más de tres (3) ocasiones, en días consecutivos**, hasta completar las 24 horas autorizadas, contadas desde el primer día de acceso al inmueble.

3. Se requiere a la demandante realizar estos trabajos en presencia de aquel(la) Notario(a) Público, de su elección, funcionario(a) que deberá además preparar un *Acta Notarial*, por medio de la cual se pormenoricen los asuntos relacionados con el estado de situación del inmueble, así como la descripción detallada de las labores de limpieza y mantenimiento que se ejecuten.

4. Se ordena a la demandante a **presentar ante el Tribunal, bajo el expediente electrónico de este asunto, una copia del Acta Notarial, en un término no mayor de veinticuatro (24) horas, desde la fecha en que el/la Notario(a) Público le haya otorgado**.

5. La demandante deberá recabar, si fuere necesario, el auxilio de la Oficina de Alguaciles de este Tribunal, a los fines de hacer cumplir las determinaciones contenidas en esta Orden.

6. **Esta Orden estará en vigor inmediatamente luego de su registro y notificación: y hasta el miércoles, 31 de agosto de 2024, a las 6:00 p.m.**

Con fecha del 10 de agosto de 2024, el peticionario presentó *Moción Urgente de Nulidad de Orden Dictada Ex Parte*. En esta, indicó que advino en conocimiento por voz de su emplazador, quien a su vez se enteró por voz del emplazador de la recurrida, acerca de la orden emitida en el caso y de una próxima visita que se haría con Alguaciles del Tribunal para entrar a la propiedad. Argumentó que la orden de remedio provisional emitida en el caso era nula, puesto que la misma incumplía con las disposiciones de la Regla 57.1 y 57.4 de Procedimiento Civil. En respuesta a este escrito, el foro primario le ordenó a la representación legal de ambas partes a comunicarse para discutir lo referente al mantenimiento de la propiedad y demás alegaciones levantadas.

Inconforme con lo resuelto, el peticionario solicitó reconsideración puesto que no había renunciado al derecho a ser emplazado ni se había sometido voluntariamente a la jurisdicción del tribunal. Así, por entender que las órdenes emitidas fueron dictadas sin jurisdicción sobre su persona, son nulas e inexistentes en derecho, solicitó al foro primario que reconsiderara. El 20 de agosto de 2024, el TPI denegó la reconsideración. En desacuerdo aún, el peticionario instó el recurso de epígrafe y, sin someterse a la jurisdicción de este Tribunal de Apelaciones,[1] señaló la comisión de los siguientes errores:

PRIMER ERROR

ERRÓ EL TPI AL NO DECLARAR CON LUGAR LA MOCIÓN URGENTE DE NULIDAD DE ORDEN DICTADA EX PARTE DE 10 DE AGOSTO DE 2024.

SEGUNDO ERROR

ERRÓ EL TPI AL NO DECLARAR HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN DE 20 DE AGOSTO DE 2024.

---

[1] Aunque el peticionario aduce que su comparecencia se hace sin someterse a nuestra jurisdicción, estimamos que el acto de comparecer ante nos en búsqueda de la revisión judicial y revocación de las determinaciones recurridas constituye un sometimiento de su parte ante nos. De forma alguna, nuestra estimación constituye una determinación en cuanto a la jurisdicción del foro primario sobre su persona.

En esa fecha, el peticionario también sometió *Moción en Auxilio de Jurisdicción* mediante la cual nos suplicó dejar en suspenso las órdenes emitidas, ordenándole a la recurrida a abstenerse de implementar las mismas, entre otros remedios. Mediante *Resolución* del 26 de agosto del año en curso, denegamos la solicitud de auxilio y brindamos un corto término a la recurrida para que sometiera su posición. El 3 de septiembre de 2024, dicha parte sometió su *Memorando en Oposición a la expedición del auto de certiorari*.

Con el beneficio de la comparecencia de ambas partes, damos por sometido el asunto y procedemos a resolverlo.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se

expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

-<i>B</i>-

El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". <u>Banco Popular de Puerto Rico v. Gómez Alayón y otros</u>, 2023 TSPR 145 (2023) citando a <u>In re Collazo I</u>, 159 DPR 141, 150 (2003).

Como regla general, este Tribunal de Apelaciones no intervendrá con las facultades discrecionales de los foros primarios, a menos que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Nuestra intervención, además, deberá requerir que se evite un perjuicio sustancial <u>Rivera et al. v. Arcos Dorados et al.</u>, *supra,* a la pág. 210 y casos allí citados.

Es meritorio señalar que un tribunal abusa de su discreción "[c]uando no toma en cuenta e ignora en la decisión que emite, si fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e

inmaterial y basa su decisión exclusivamente en éste; o cuando, […] [tras] considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[2]

-III-

El peticionario nos pide la revocación de una determinación <u>interlocutoria</u> emitida por el foro primario y fundamentada en el evidenciado mal estado de la propiedad y la necesidad de autorizar la limpieza de esta y el mantenimiento de sus jardines; asuntos a los que estuvo limitada.[3] Así, y con tal propósito, expone que el TPI no ha adquirido jurisdicción sobre su persona, pues a la radicación de su recurso, no había sido emplazado ni se había sometido voluntariamente ante el tribunal, por lo que el foro primario estaba impedido de emitir las decisiones recurridas. Ante este hecho, sin más, sostuvo que estas eran irremediablemente nulas.

La recurrida, por su parte, en su comparecencia argumenta, que los actos realizados por el peticionario ante el TPI fueron tan sustanciales concretos y específicos que debe entenderse que este se sometió tácitamente ante la jurisdicción del tribunal. Esto, pues no compareció meramente a negar jurisdicción sobre su persona, sino que formuló planteamientos sobre alegada violación a su derecho a la intimidad, incumplimiento con las disposiciones de la Regla 57 de Procedimiento Civil e inclusive, la suficiencia del testimonio brindado por la señora Sifontes durante audiencia celebrada. Asimismo, plantea que las determinaciones interlocutorias se emitieron dentro de la facultad que ostenta el foro primario para velar por el cumplimiento del contrato suscrito entre las partes. En particular, para asegurar la preservación del inmueble que le

---

[2] *Íd.*, págs. 210-211, citando a SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414.
[3] Entiéndase que la orden de la que se recurre va dirigida única y exclusivamente a los fines de acceder a la propiedad para fines de mantenimiento y limpieza. Por lo cual, no tenemos ante nuestra consideración determinación final sobre el proceso desahucio.

pertenece, cuyo deterioro le fue demostrado, y que no guardan relación con la controversia en cuanto al lanzamiento solicitado.

Ciertamente, las determinaciones recurridas tratan de asuntos que recaen en la total discreción del tribunal como parte del manejo del caso ante su consideración. Por consiguiente, nuestra intervención debe limitarse a considerar si procede la expedición de un recurso discreción de *certiorari* bajo los criterios establecidos en la Regla 40 de nuestro Reglamento, *supra*.

Estudiados y sopesados los criterios establecidos en la antes mencionada Regla, resolvemos que no hay presente ninguno de los criterios allí enumerados de forma tal que nos sintamos compelidos a expedir el auto e interferir con lo resuelto.

-IV-

Por todo lo previamente consignado, **denegamos** expedir el auto de *certiorari* solicitado por el peticionario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones